## JONES COUNTY v. SALES *et al.*

Pleading: BREACH OF CONTRACT: SPECIFICATION. At the common law, it was sufficient, in an action for the breach of an undertaking, to assign a breach in the words of the contract, without stating in what particular respect the defendant had failed to perform. And in an action upon a penal bond, executed by defendant pursuant to sections 1575 and 1576 of the Revision, upon the granting to him of a license to buy and sell intoxicating liquors for mechanical, medici-nal, culinary and sacramental purposes, it was *held*, that the petition which alleged that defendant had, between the time of the execu-tion of the bond and the filing of the petition, sold certain intoxi-cating liquors to divers persons whose names are unknown to plaintiff, to be used by them as a beverage; and to divers persons whose names are not known, for other and different purposes than those specified in his bond, and in violation thereof, was sufficient without stating more specifically when, where and to whom defend-ant sold the intoxicating liquors as a beverage; or for what other and different purposes he sold said liquors than those specified in his bond.

*Appeal from Jones District Court.*

FRIDAY, JUNE 5.

ACTION upon a penal bond executed by the defendant N. G. Sales, as principal, and Robert Dott and John S. Belknap, as his sureties. The bond was executed pursuant to sections 1575 and 1576 of the Revision of 1860, upon the granting of a permit or license by the county judge to N. G. Sales, to buy and sell intoxicating liquors for mechanical, medicinal, culinary and sacramental purposes. The defendants moved for a more specific statement of the cause of action, which being overruled by the court, they excepted and now appeal.

*J. L. Sheean* for the appellants.

*C. R. Scott* for the appellee.

COLE, J. — The petition sets out the bond and avers generally a breach of each and every condition of it. The breaches are then more specifically assigned. It is averred, that the defendant has, between the time of the execution of the bond and the filing of the petition, sold intoxicating liquors, to wit, rum, brandy, gin, whisky and other intoxicating liquors, to divers persons, whose names are unknown to plaintiff, and has so sold the same to be used by them as a beverage, and also, that said defendant has between the times before stated, sold intoxicating liquors to divers different persons whose names are unknown to plaintiff, for other and different purposes than those required in his bond, and in express violation thereof. These are the two assignments to which the motion of defendants is directed.

PLEADING: breach of contract: specification.

The defendants moved, that the plaintiff be required to set forth in the petition specifically when, where and to

Jones County v. Sales.

whom defendant N. G. Sales, sold intoxicating liquors as a beverage; and also, for what other and different purposes said defendant sold said liquors than those specified in his bond. This motion was overruled by the District Court, and such ruling is now assigned as error.

At the common law it was sufficient to assign a breach, in the words of the contract, either negatively or affirmatively, or in words co-extensive with the import and effect of the contract; and the rule was, that as the defendant must know in what respects he has or has not performed his contract, any great particularity ought not on principle to be required. Accordingly it has been held, that in assumpsit on a promise to manage a farm in a good and husbandlike manner, it was sufficient to assign a breach in the words of the promise; and a breach in the words of the covenant for not repairing, when not qualified, without enumerating the particular dilapidations, will suffice; and in covenant by an apprentice for not finding victuals and other necessaries, a breach in the words of the contract is sufficient. 1 Chitty on Pleadings, 332, 333, and notes. But in this case the petition states, that the names are unknown to plaintiff; this would excuse, even if it was necessary to specify them. Steph. on Plead. (4 Am. ed.) 302, 303, and authorities cited in note c.

As to the last part of the motion, asking the plaintiff to state for what purposes the liquors had been sold, other than those specified in his bond, there can hardly be room for question. The defendant was permitted to sell for the four specified purposes, and none other; if he sold for any other purpose he is liable, and it is immaterial for what purpose; but it is stated in the fifth assignment to have been sold as a beverage. In the language of Mr. Chitty, *supra*, the defendant must know in what respects he has or has not performed his contract, and any great

particularity ought not on principle to be required.  There was no error in overruling the motion.

Affirmed.